The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADAMA JAMMEH,<br><br>Plaintiff,<br><br>v.<br><br>GESAGRAN KUMAR, *et al.*,<br><br>Defendants. | NO. 2:22-cv-331-BJR<br><br>**ORDER GRANTING MOTION FOR RECONSIDERATION** |

## I. INTRODUCTION

This matter comes before the Court on a Motion for Reconsideration filed by Plaintiff Adama Jammeh, seeking reconsideration of the Order Granting In Part Plaintiff's Motion for Default Judgment ("MDJ Order"). ECF No. 51. In that MDJ Order, the Court found that Jammeh had not proven damages to support her claim that Defendants violated Washington's Residential Landlord-Tenant Act, RCW 59.18 *et seq*. ("RLTA") (Count III). The Court permitted Ms. Jammeh to supplement the record, within 14 days, with any letters she received from Defendants concerning her security deposit, as well as banking records showing her receipt of any portion of the security deposit. Defendants have never appeared in this case.

Having reviewed the motion, the declaration filed in support thereof, the record of the case, and the relevant legal authorities, the Court grants the motion. The reasoning for the Court's decision follows.

## II. BACKGROUND

### A. Factual Background

The Court has set forth the facts of this case previously in its MDJ Order. ECF No. 49. In relevant part, Jammeh is a low-income tenant who resided with her children at 603 S. 310th Ct., Federal Way, Washington 98003 ("the Property") between October 2018 and November 2020. Compl. ¶ 7, ECF No. 1. At the time, Defendants owned the Property.[1] *Id.* ¶ 8. Before moving in, Jammeh had paid Defendants a $3,900 security deposit. *Id.* ¶ 45. However, a month after she moved out, Defendants only returned $582.37 of her security deposit. *Id.* ¶ 65; *see also* Jammeh Decl. II and Ex. 13, Defendants' Return of Security Deposit Letter, ECF No. 52.

On March 17, 2022, Jammeh brought this action under seal, asserting five claims: a *qui tam* claim pursuant to the False Claims Act, 31 U.S.C. § 3729*, et seq.* ("FCA") (Count I); violation of Washington's Consumer Protection Act, RCW 19.86 *et seq*. ("CPA") (Count II); violation of Washington's Residential Landlord-Tenant Act, RCW 59.18 *et seq*. ("RLTA") (Count III); breach of contract (Count IV); and unjust enrichment (Count V). Jammeh successfully served the United States Government, ECF No. 6, which investigated her *qui tam* claim. ECF Nos. 9, 11, 13–14, 17, 19. The Government and the parties engaged in settlement negotiations. ECF Nos. 17, 19. Defendants were represented by counsel for the purpose of these negotiations. ECF No. 17 at 4. In April 2024, the Government and the parties reached a settlement agreement resolving only Count

[1] Defendants Gesagran Kumar and Santoshni Kumar co-owned the Property until they sold it in December 2020. Compl. ¶ 8. They are sole members of the Washington limited liability company, Defendant GSK Groups, LLC.

I.[2] ECF No. 21, Government's Notice of Intervention In-Part. Shortly thereafter, the Government intervened in this case only for the purpose of settlement and moved to unseal the entire case. *Id.* In July 2024, this Court granted the parties' stipulated dismissal of Count I. Order Granting Parties' Joint Stipulated Mot. of Partial Dismissal, ECF No. 29. Since then, Defendants have not entered an appearance in this case to defend against Jammeh's remaining claims. On May 13, 2026, the Clerk's Entry of Default was entered. ECF No. 44. On October 5, 2026, this Court granted in part Plaintiff's Motion for Default Judgment.

## III. LEGAL STANDARD

A Court in this district may reconsider its prior decision pursuant to Local Rule 7(h)(1) if there is a showing of (a) manifest error in the prior ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. *See Aronson v. Dog Eat Dog Films*, 738 F. Supp. 2d 1104, 1118 (W.D. Wash. 2010). Local Rule 7(h) is the functional equivalent of a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e). *Id.* citing *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991). "While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of Finality and conservation of judicial resources.' " *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore *et al.*, Moore's Federal Practice § 59.30[4] (3d ed. 2000)). "Rule 59(e) amendments are appropriate if the district court '(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.' " *Dixon v. Wallowa*

[2] While the parties' settlement agreement is not part of the record, the Court credits the Government's representation in its filings that the agreement resolved only Count I, and not Jammeh's remaining claims, and that Defendants were well aware of that at the time. *See* ECF No. 19 at 4; ECF No. 28 at 2.

*County*, 336 F.3d 1013, 1022 (9th Cir. 2003) (quoting *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).

## IV. DISCUSSION

The Court agrees to amend the prior judgment in this case because Plaintiff submitted additional evidence that the Court allowed her to file as a supplement. *Jammeh v. Kumar*, No. 2:22-CV-331-BJR, 2026 WL 2979535, at *8 (W.D. Wash. Oct. 5, 2026).

Jammeh alleged in her Complaint that Defendants violated Washington's Residential Landlord-Tenant Act ("RLTA"), which requires landlords to provide tenants, in advance of collecting a security deposit, a written checklist or statement specifically describing the condition and cleanliness of or existing damage to the premises and furnishings that are provided to the tenant. RCW 59.18.260; *see also Chabuk v. Miller*, 18 Wn. App. 2d 1016 (2021); *Silver v. Rudeen Mgmt. Co., Inc.*, 197 Wn.2d 535 (2021). Further, at the time that Jammeh moved out in November 2020, the RLTA required landlords to return security deposits within 21 days of a property being vacated.[3] The RLTA provides for statutory damages "up to two times the amount of the deposit for the intentional refusal of the landlord to give the statement or refund due." RCW § 59.18.280(2). Jammeh alleged that Defendants failed to provide her a written checklist or statement describing the Property in advance of collecting her security deposit, and returned her security deposit after the applicable 21-day statutory period. Compl. ¶¶ 46, 64–65, 96.

Jammeh seeks $3,317.63 in actual damages, which is the amount of the withheld security deposit, as well as $7,800 in statutory damages for Defendants' intentional refusal to return it pursuant to RCW 59.18.280. Mot. for Reconsideration at 3. Jammeh supports these damages with

[3] In July 2023, that time frame was expanded to 30 days. *See* RCW 59.18.280(1)(a).

a supplemental declaration and the letter she received from Defendants about returning the security deposit. Jammeh Decl. II; Ex 13. Jammeh's RLTA cause of action accrued 21 days after she vacated the Property on November 4, 2020. Defendants' letter is signed and dated December 3, 2020, which is more than 21 days after she moved out. *See* Ex. 13; *see also* Compl. ¶¶ 64–65. The letter states that "[t]he remaining balance of the security deposit is $582.37, which is returned to [Jammeh] here along with this letter." Ex. 13. While Jammeh indicated that she was unable to locate bank records evincing her receipt of the partial refund, the Court is satisfied that she has proven actual damages. Jammeh Decl. II ¶ 5.

The Court will also award Jammeh double the security deposit amount as statutory damages under the RLTA.[4] The Court finds that Defendants' failure to return the security deposit within the 21-day statutory period applicable at the time is indicative of their intentional refusal to return the security deposit. Further, the Court credits Jammeh's sworn declaration that any wear to the Property was caused by her ordinary use. Jammeh Decl. II ¶ 4. And Defendants, through default, have failed to "show circumstances outside their control" preventing them from timely returning the security deposit. *Heston v. Christensen*, 30 Wn. App. 2d 511, 522 (2024). The Court finds that Jammeh sufficiently proved damages for her RLTA claim in the amount of $11,117.63. Accordingly, the Court will amend the judgment that it entered on October 5, 2026.

## V. CONCLUSION

For the foregoing reasons:

1. The Court GRANTS Plaintiff's Motion for Reconsideration;

[4] In its MDJ Order, this Court found that the record reflects that Defendants failed to provide a written checklist or statement specifically describing the condition and cleanliness of or existing damage to the premises and furnishings that are provided to the tenant. *Jammeh v. Kumar*, No. 2:22-CV-331-BJR, 2026 WL 2979535, at *5.

2. The Judgment at ECF No. 50 is hereby VACATED;

3. An amended judgment will be issued by separate order.

DATED this 23rd day of October 2026.

Barbara Jacobs Rothstein
United States District Judge